UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GREYSTOKE,

               Plaintiff,

   v.

CLALLAM COUNTY CORRECTIONS FACILITY, ET AL,

               Defendants.

Case No. C18-5217-RJB-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a proposed amended civil rights complaint.[1] Plaintiff has been granted leave to proceed *in forma pauperis*. In light of the deficiencies in the amended complaint discussed herein, however, the undersigned will not direct service of the amended complaint at this time. Plaintiff, though, will be provided the opportunity by the date set forth below to show cause why the amended complaint should not be dismissed or to file a second amended complaint.

### Screening Requirements

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is

---

[1] Dkt. 15.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally

participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

### Plaintiff's Amended Complaint

The Court issued a prior Order to Show Cause in this case indicating that plaintiff's original complaint was deficient in part because it failed to allege a plausible set of facts to support the claims and because it failed to allege any facts to show defendants caused or personally participated in causing a constitutional violation. Dkt. 14; Fed. R. Civ. P. 8(a). In response to the Court's order plaintiff filed this amended complaint which names Dr. Arthur Tordini and C. Sanders as defendants. Dkt. 15. Although plaintiff's amended complaint does allege some additional facts than were alleged in his original complaint, the Court declines to order that plaintiff's amended complaint be served because it remains deficient in the following respects:

Plaintiff's pleading remains generally deficient because it does not comply with the requirements of Rule 8(a). Plaintiff's pleading is difficult to read, vague and confusing in places, and insufficient to put the purported defendants on notice of plaintiff's claims and the grounds upon which they rest. With respect to defendant Tordini, plaintiff's amended complaint appears to state that defendant Tordini "examined me for an infection with his pecker." Dkt. 15, at 3. In the first place it is not entirely clear to the Court what plaintiff is alleging occurred. It is unclear whether plaintiff is alleging he was harmed as a result of a medical examination, whether he is

alleging he was assaulted by defendant Tordini, or something else. Furthermore, plaintiff fails to provide any facts regarding when, where, or how the alleged harm occurred. If plaintiff wishes to proceed with this action he must provide more specificity and clarity with respect to his claims, and the facts which he believes support those claims. Plaintiff should be specific about dates, times, locations, and detail exactly what defendant Tordini did or failed to do and how that caused plaintiff injury or violated his rights. Plaintiff should also include any other facts that show why he believes what happened was wrong.

With respect to defendant Sanders, the Court is unable to read all of the allegations because the writing is illegible. Plaintiff is possibly alleging that defendant Sanders "opened all my mail with my presence." Dkt. 15, at 3. He also appears to challenge defendant Sanders' actions while plaintiff was in segregation for two years, stating "not only has [defendant Sanders] slandered me in public and private but has done all he can to keep me incarcerated for as long as possible." *Id.*

He also cites generally to the Eighth and Fourteenth Amendments and alleges torture. Dkt. 15, at 3. Another possible claim: that funds in the plaintiff's prisoner trust account were taken from him (in the amount of $1982.00), which allegedly violated the "Takings Clause and may require compensation under the same." Dkt. 15, at 6.

If plaintiff wishes to proceed with this action he must provide more specificity and clarity with respect to his claims, and the facts which he believes support those claims. Plaintiff should be specific about dates, times, locations, and detail exactly what each of the defendant(s) did or failed to do that caused plaintiff injury or violated his rights. Plaintiff should also include any other facts that show why he believes what happened was wrong.

Plaintiff is further advised that while "a prison inmate[] enjoys a First Amendment right to send and receive mail", *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995), this right is subject to "substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security," *Walker v. Sumner,* 917 F.2d 382, 385 (9th Cir.1990) (citations omitted). Prison officials may "adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.'" *Id*. (*quoting Turner v. Safley*, 482 U.S. 78, 89 (1987)). Plaintiff is also advised that slander is not in and of itself a cognizable claim under § 1983. *Hollister v. Tuttle*, 210 F.3d 1033, 1036 (9th Cir. 2000) ("There is no civil rights action for slander.").

Due to the deficiencies described above, the Court will not serve the amended complaint. Plaintiff may show cause why his amended complaint should not be dismissed or may file a second amended complaint to cure, if possible, the deficiencies noted herein, **on or before November 2, 2018**. If a second amended complaint is filed, it must be *legibly* rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint or first amended complaint that is not alleged in the second amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the second amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the second amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are

1  legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other

2  civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious

3  physical injury." 28 U.S.C. § 1915(g).

4       The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

5  civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

6       Dated this 12th day of October, 2018.

*/s/ Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge