UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GREYSTOKE,

        Plaintiff,

v.

CLALLAM COUNTY
CORRECTIONS FACILITY, et al,

        Defendants.

CASE NO. 3:18-cv-05217-RJB-TLF

REPORT AND RECOMMENDATION

Noting Date: December 28, 2018

This matter is before the Court on plaintiff's filing of a second amended complaint (Dkt. 17). Plaintiff is proceeding *in forma pauperis*. His second amended complaint was filed after the November 2, 2018 deadline imposed by the Court; it contains substantially the same deficiencies in his first amended complaint. (See Order to Show Cause, Dkt. 16). The Court should dismiss the second amended complaint with prejudice for failure to state a claim under 28 U.S.C. § 1915, and confirm the reason for dismissal falls into a "strike" category under 28 U.S.C. § 1915(g).

DISCUSSION

Plaintiff filed an initial complaint in this case that failed to allege a plausible set of facts to support the complaint's claims, and failed to allege any facts showing the named defendants

REPORT AND RECOMMENDATION - 1

caused or personally participated in causing a constitutional violation. Dkts. 11, 14. As a result, the Court issued a show cause order informing plaintiff of those deficiencies and directing him to file an amended complaint. Dkt. 14.

In response to the show cause order, plaintiff submitted an amended complaint. Dkt. 15. The Court issued a second order to show cause on October 12, 2018, because the amended complaint was deficient. Dkt. 16. Specifically, it failed to comply with Federal Rule of Civil Procedure ("FRCP") 8(a), which requires that pleadings contain a short and plain statement of the claim showing the pleader is entitled to relief. Dkt. 16; *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (claim statement must be sufficient to give the defendant "fair notice" of what the claim is and the grounds on which it rests); *In re Marino*, 37 F.3d 1354, 1357 (9th Cir. 1994).

In response, plaintiff filed a second amended complaint, Dkt. 17, and this document is vague and confusing. The additional detail remains insufficient to put the defendants on notice of his claims and the grounds upon which they rest.

The complaint must contain factual allegations that, if accepted as true, are sufficient to state a claim to relief that is facially plausible. *Nordstrom v. Ryan,* 762 F.3d 903, 908 (9th Cir. 2014). A federal district court is required to liberally construe a pro se pleading and may dismiss a pro se complaint without leave to amend, only if the Court is convinced "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017) (quoting *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000)).

A district court must dismiss the complaint of a prisoner proceeding *in forma pauperis* at any time it determines that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"; or (c) "seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).

A complaint is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim on which relief may be granted if it lacks a cognizable legal theory or if it fails to allege sufficient facts under a cognizable legal theory. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). A claim is factually sufficient if the district court can reasonably infer from the claim that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim's factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Before the district court may dismiss the complaint as frivolous or for failure to state a claim, the prisoner generally must be provided "with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted where "amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

In this situation, the Court should dismiss with prejudice, because the allegations in the second amended complaint are so vague that they fail to state a plausible claim for relief. For example, in the first amended complaint in regard to one of the named defendants, Dr. Arthur Tordini, the claimant states that Dr. Tordini "examined me for an infection with his pecker." Dkt. 15, p 3. Although the facts alleged, if true, may describe a sexual assault, the plaintiff does not include facts as to when, where, or how the alleged harm occurred.

REPORT AND RECOMMENDATION - 3

In the second amended complaint plaintiff similarly states that when he "was examined for a furlough to E.R.," Dr. Tordini "stuck his cock up my butt." Dkt. 17, p. 3. Plaintiff alleges a conclusory fact without providing facts as to when, where, or how the alleged harm occurred. Further, plaintiff refers to an alleged quote from Dr. Tordini – communicated with rough language – but there are no specific allegations about when, where, or how this occurred, nor are there allegations that plausibly link this to an act or omission that would, if true, state a cause of action for a constitutional violation. *See* Dkt. 17, p. 7 ("if you want a furlough you will have to let me examine you anally"; "if you want me to examine you for polyps you will have to let me 'shove' something up in you").

In his first amended complaint plaintiff alleged that $1,982 in "bogus medical fees" and another $2,000 in "cobra accnt [sic] commissary orders" were taken from his prison trust account, and plaintiff asserted that he should receive compensation under the Takings Clause. Dkt. 15, p. 6. In his second amended complaint, plaintiff alleges Dr. Tordini took approximately $1,982 for providing him with ibuprofen, acetaminophen, and prilosec. Dkt. 17, p. 3. Elsewhere plaintiff states he wants to be "reimbursed under the Takings Clause" for the nearly $2,000 Dr. Tordini "took from my Social Security which they want back." *Id.* at p. 4.

Again, plaintiff fails to provide specific facts as to when, where, or how the alleged harm occurred.

In regard to the other named defendant, Dep. C. Sanders, the allegations plaintiff made in his first amended complaint could not be clearly ascertained, as the writing was illegible.

Plaintiff alleges in his second amended complaint that while he was in segregation for seven months, defendant Sanders would say things to him that amount to character assassination. Dkt. 17, p. 3. Although plaintiff offers some examples of what defendant Sanders allegedly said

1  to him, *id.* at pp. 3, 7, he provides no specific facts regarding when, where, or how these
2  statements were made. Further, the utterance of disparaging remarks does not amount to a
3  constitutional violation, unless they are "calculated to" and do cause the plaintiff "psychological
4  damage." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (verbal harassment in general does
5  not violate the Eighth Amendment).

6  Plaintiff also alleges defendant Sanders threatened that he would assault plaintiff if
7  plaintiff did not give "that tray back just like I gave it to you." Dkt. 17, p. 3. This allegation lacks
8  factual specificity as to where and when the alleged incident occurred. In addition, the mere
9  threat of bodily harm does not violate the Constitution. *Corales v. Bennett*, 567 F.3d 554, 564-65
10 (9th Cir. 2009).

11 The second amended complaint contains additional allegations regarding placement in
12 segregation and confiscation of clothing and additional funds, without naming any individual
13 defendant responsible for the harm. Dkt. 17, p. 6. There is also a general allegation concerning
14 mail fraud and "cyber stalking," as well as physical injury to inmates other than plaintiff, again
15 without naming individual defendants or offering specific facts. *Id.* at pp. 1, 8-9.

16 The Court informed plaintiff that if he wished to proceed with this action he must provide
17 more specificity and clarity to the factual basis of his claims. The Court also directed plaintiff to
18 be specific about dates, times, locations, detail exactly what each of the specific defendants did
19 or failed to do, and how those acts or omissions caused a constitutional violation with respect to
20 the plaintiff.

21 Although the second amended complaint differs from the first amended complaint in
22 certain aspects and offers some additional information, it still lacks the specificity and clarity
23 demanded by FRCP 8(a), lacks a cognizable legal theory, and fails to allege sufficient facts
24

1 regarding each specific defendant's acts or omissions under a cognizable legal theory. *Woods v.*
2 *U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

## RECOMMENDATION

4 The second amended complaint does not fix the deficiencies in his first amended
5 complaint. The second amended complaint fails to state a claim upon which relief may be
6 granted. This Court should dismiss it with prejudice under 28 U.S.C. § 1915(e), and confirm the
7 dismissal is based on a reason that places this disposition within a category considered a "strike"
8 under 28 U.S.C. § 1915(g). *Knapp v. Hogan,* 738 F.3d 1106, 1110 (9th Cir. 2013) (confirming
9 that a district court should, as a best practice, expressly state whether a dismissal falls into one of
10 the categories that constitutes a strike and if so, the reasoning under Section 1915(g)).

11 If the Court adopts the undersigned's Report and Recommendation, leave to proceed *in*
12 *forma pauperis* for purposes of appeal may be denied if the appeal is frivolous or taken in bad
13 faith. *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); 28 U.S.C. § 1915(a)(3).
14 The undersigned recommends plaintiff be denied such leave. The original complaint (Dkt. 11)
15 and amended complaint (Dkt. 15) were deficient; plaintiff failed to set forth specific plausible
16 factual allegations in the second amended complaint (Dkt. 17). Nor is there any cognizable legal
17 theory supported by the facts that are included in the second amended complaint (Dkt. 17).
18 Therefore any appeal of the Court's order adopting the Report and Recommendation would be
19 frivolous.

20 Pursuant to 28 U.S.C. § 636(b)(1) and FRCP 72(b), the parties have **fourteen (14) days**
21 from service of this Report and Recommendation to file written objections. *See also* FRCP 6.
22 Failure to file objections will result in a waiver of those objections for purposes of de novo
23 review by the district judge. 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed

1  by FRCP 72(b), the clerk is directed to set the matter for consideration on **December 28, 2018**,

2  as noted in the caption.

3      Dated this 11th day of December, 2018.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge